UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRED PINEDA

Plaintiff,

v.

THE HOME DEPOT, U.S.A., INC. and DOES 1 through 100, inclusive,

Defendants.

No. 2:11-cv-01278-MCE-CMK

MEMORANDUM AND ORDER

----oo0oo----

Plaintiff Fred Pineda ("Plaintiff") originally commenced this action in Superior Court of California for the County of San Joaquin. Plaintiff alleges the following six causes of action against Defendant, The Home Depot, U.S.A., Inc. ("Defendant"): 1) age discrimination; 2) harassment on the basis of age-hostile work environment retaliation; 3) failure to prevent age discrimination; 4) wrongful termination; 5) retaliation; and 6) intentional infliction of emotional distress. On May 12, 2011, Defendant timely and properly removed the case to this Court. (ECF No. 1.) On May 19, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6). (ECF No. 7.) Plaintiff has now filed a Motion to Remand the case back to state court (ECF No. 10), alleging that Defendant failed to demonstrate the requisite amount in controversy necessary to establish diversity jurisdiction. For the reasons set forth below, Plaintiff's Motion for Remand is granted.[1]

**STANDARD**

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where a question of law is presented that arises "under the Constitution, laws, or treaties of the United States," or (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1332 and 1331, respectively.

The removing party bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). If the court has any doubt as to the right of removal in the first instance, remand must be granted. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(h).

Where jurisdiction is based upon diversity, 28 U.S.C. § 1332 requires that the amount in controversy exceed $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). In removal cases, if the state court complaint does not specify the amount of damages being sought, the defendant bears the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Gaus, 980 F.2d at 567.

## ANALYSIS

### A. Plaintiff's Motion for Remand

When federal jurisdiction is sought on the basis of diversity, jurisdiction will be established if the matter in controversy exceeds the sum or value of $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332(a)(1). The parties concede that this matter is between citizens of different states.[2] The salient issue raised by this motion, therefore, is whether Defendant has sufficiently demonstrated that the amount in controversy exceeds $75,000.

///

///

---

[2] Plaintiff is a resident of California. (Pls.' Compl. ¶¶ 1-2, Jan. 11, 2011, ECF No. 1). Defendant is a Delaware corporation with its principal place of business in Georgia. (Def.'s Pet. For Removal, ¶¶ 10-11, May 12, 2011, ECF No. 1).

Plaintiff's Complaint requests pecuniary damages, punitive damages, attorney's fees pursuant to the alleged damages suffered under each of his state causes of action.[3] Specifically, Plaintiff's claim for pecuniary loss includes lost wages and benefits, mental, physical and nervous discomfort, annoyance, distress, anguish, worry, anxiety, pain and suffering, and possible medical expenses. However, the Complaint only states an amount to be determined "according to proof." (Compl. ¶¶ 47, 51.)

Defendant argues that even though Plaintiff does not claim a specific amount, viewed in their entirety, Plaintiff makes it "factually apparent from the body of the Complaint that the claim exceeds the jurisdictional amount." (Pet. for Removal 5-6, ECF No. 1). Defendant cites cases from the Fifth Circuit to support its claim that the jurisdictional amount can be inferred from the complaint.[4]

///

///

///

///

---

[3] Attorney's fees may be included in the amount in controversy if they are recoverable pursuant to statute or contract. Cal. Gov. Code § 12965(b) allows a court, in its discretion, to provide reasonable attorney's fees and costs to the prevailing party in cases of unlawful employment practices brought under § 12940.

[4] Defendant cites Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999)(affirming the district court's determination that a complaint alleging damage to property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, and pain and suffering exceeded $75,000) and White v. FCI USA, Inc., 319 F.3d 672 (5th Cir. 2003)(affirming the district court's determination that a complaint alleging a long list of compensatory damages, punitive damages and attorney's fees exceeded $75,000).

However, the Ninth Circuit has made clear that, where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing the jurisdictional amount is met "by a preponderance of the evidence." Sanchez, 102 F.3d at 404. Under this burden, the defendant must provide evidence establishing "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. Id. Further, "[t]he authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment." Gaus, 980 F.2d at 566.

Defendant does not provide even speculative numbers as to Plaintiff's potential lost wages, benefits or medical expenses, but simply re-lists Plaintiff's claims and infers that altogether they must exceed $75,000. (Pet. 5-6, ECF No. 1). Further, while punitive and emotional distress damages may be considered in determining the amount in controversy, Defendant has submitted no evidence indicating what Plaintiff's punitive and emotional distress damages might be under the circumstances. Even granting that such damages are appropriate in the instant case, the Court will not speculate as to what would constitute a reasonable estimate of those damages.

///

///

///

///

///

///

Far from demonstrating "by a preponderance of the evidence," that the present dispute involves claims exceeding $75,000, Defendant has simply made conclusory assertions insufficient under Ninth Circuit precedent. This Court, therefore, declines to exercise its discretion to request additional discovery and/or briefing regarding the amount in controversy. Therefore, Plaintiff's Motion to Remand is granted.

**B. Plaintiff's Request for Attorney's Fees**

Plaintiff seeks attorney's fees from Defendant in the amount of $652.50 because he alleges Defendant "has utterly failed to meet the standard of proof for removal and used inapposite case law in an effort to disguise the absence of any evidence." (Pl.'s Mot. for Remand, 6, June 7, 2011, ECF No. 10.)

If the district court determines that removal was improper, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). Following remand of a case, fees should be denied when an objectively reasonable basis for removal exists. Dall v. Albertson's Inc., 349 F. App'x. 158, 160 (9th Cir. 2009)(citing Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)).

///

///

While Defendant has not demonstrated "by a preponderance of the evidence," that Plaintiff's claims exceed $75,000, failing to do so does not demonstrate Defendant did not have an "objectively reasonable" belief that claims would exceed the amount. The mere quantity and diverse types of damages sought justify Defendant's belief that the claims exceeded $75,000, even if it failed to prove they did exceed the amount by the standard required by law.

Therefore, Plaintiff's request for attorney's fees is denied.

**CONCLUSION**

Given the strong presumption against removal and Defendant's failure to demonstrate the requisite amount in controversy is met, the Court must remand this case to the state court. Accordingly, Plaintiff's Motion for Remand (ECF No. 10) is GRANTED. Plaintiff's Motion for Attorney's Fees (ECF No. 10) is DENIED. Defendant's Motion to Dismiss (ECF No. 7) is DENIED as moot.

IT IS SO ORDERED.

Dated: August 5, 2011

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE